**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEVEN FETTERLEY, and ROCHELLE FETTERLEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. CIV-11-0500-HE |
| BANK OF AMERICA, | ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs Steven Fetterley and Rochelle Fetterley sued their loan servicer, Bank of America,[1] seeking an accounting of their mortgage and statutory damages under the Fair Debt Collections Practices Act ("FDCPA") and the Real Estate Settlement Procedures Act ("RESPA"). They also allege that defendant has violated the Oklahoma Consumer Protection Act ("OCPA"). BAC has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or for more definite statement. While plaintiffs have not responded to the motion, "[u[nder Tenth Circuit precedent ... 'a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response.'" Fournerat v. Wisconsin Law Review, 2011 WL 1366900, at * 2 (10th Cir. 2011) (unpublished)(quoting Issa v. Comp USA, 354 F.3d 1174, 1177 (10th Cir. 2003)).

When considering whether plaintiffs' claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court had accepted all well-pleaded factual allegations as true and viewed them in the light most favorable to plaintiffs as the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007). The question is whether the complaint contains "enough facts to state a claim to

---

[1]*In its motion defendant advised the court that the correct party defendant is BAC Home Loans Servicing, LP, not Bank of America. The court will refer to the defendant as "BAC."*

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must provide sufficient factual allegations to "raise a right to relief above the speculative level." *Id.* at 555. Considering the plaintiffs' claims under this standard, the court concludes defendant's motion to dismiss should be granted.

As defendant notes, the petition[2] fails to identify or clearly label specific causes of action and the facts pleaded are scant. There are other problems as well. Plaintiffs pleaded they have sustained damages "[a]s a result of the breach of agreement," Petition, ¶ 22, yet fail to identify the agreement. They also have pleaded contradictory statements, alleging they paid a funding fee which was refunded, and then later state that "[d]espite repeated requests the money has never been returned to the Plaintiffs." *Id.*, ¶¶ 9, 10, 13.[3]

BAC discusses the various deficiencies in the petition in its motion. The court agrees that plaintiffs have not stated claims for breach of contract, an accounting, or for violation of the FDCPA, the RESPA or the OCPA. While the RESPA might afford plaintiffs a basis for recovery, they have failed to plead they sustained actual damages resulting from defendant's alleged failure to respond to their qualified written request. *See* 12 U.S.C. § 2605(f)(1)(A).

Accordingly, defendant's motion to dismiss [Doc. #9] is granted. Fed.R.Civ.P. 12(b)(6). However, plaintiffs are granted leave to amend their complaint within ten days as it appears they may be able to state a claim, at least under the RESPA, against BAC. Failure to amend will result

---

[2]*As the action was removed from state court, the initial pleading was a petition.*

[3]*In another paragraph plaintiffs allege that the $6,000 was deposited "[o]n that day," but later withdrawn. Petition, ¶ 12.*

in the dismissal of the action.[4]

**IT IS SO ORDERED**.

Dated this 25th day of July, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4] *Based on the little that is alleged in the petition, this appears to be the type of case the parties should be able to resolve without judicial assistance.*